UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FILED US DISTRICT COURT CLERK WESTERN DISTRICT OF KY
18 AUG 09 PM 1:02

| | | |
|---|---|---|
| LOGAN R. HAZELWOOD,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN/JANE DOE, OWNERS/CHIEF EXECUTIVE OFFICERS, FLAGET MEMORIAL HOSPITAL, AMY FARRELL, M.D., KRISTY BAUMGARDNER, ASSISTANT, LAURIE TALBOTT, NURSERY NURSE, JACKIE SPALDING, CIRCULATIN RN, EMILY THOMAS, SCRUB TECHNICIAN, TODD DORSETT, ANESTHESIA PROVIDER, CHARLOTTE CROWE, RESPIRATORY THERAPIST, AND EMILY TAYLOR, SCRUB TECHNICIAN<br><br>Defendants. | § | No. 3:18-CV-541-RGJ<br><br>**COMPLAINT AND JURY DEMAND** |

## I. J U R I S D I C T I O N

1. This Court has jurisdiction of this civil action to recover damages under 28 U.S.C. § 1332(a)(1), in that there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controvery exceds the sum of $ 75,000.00, exclusive of interests and costs.

2. At all times pertinent to this action, Defendant John/Jane Doe, owners/chief executive officers of the Flaget Memorial Hospital, Kentucky One Health (KOH), was and is a corporation organized and operating under the laws of Kentucky, with its principal place of business in Bardstown, Kentucky.

3. At all times pertinent to this action, Defendant Amy Farrell, M.D., was a physician and obstetrician, specializing in obstetrics, and duly licensed to practice within the state of Kentucky.

4. At all times pertinent to this action, Defendant Kristy Baumgardner, Assistant, was an assistant to Defendant Farrell, M.D., and duly licensed to practice within the State of Kentucky.

5. At all times pertinent to this action, Defendant Laurie Talbott, Nursery Nurse, was a nurse, specialized in nursery, and duly licensed to practice within the State of Kentucky.

6. At all times pertinent to this action, Defendant Jackie Spalding, Circulating RN, specializing in a patients overwall well bing while giving birth, and duly licensed to practice within the State of Kentucky.

7. At all times pertinent to this action, Defendant Emily Thomas, Scrub Technician, specializing in preoperative sterilization of a patient's place of surgery, among other things, and duly trained to practice within the State of Kentucky.

8. At all times pertinent to this action, Defendant Todd Dorsett, Anesthesia Provider, was a physician, specializing in anesthesiology, and duly licensed to practice within the State of Kentucky.

9. At all times pertinent to this action, Defendant Charlotte Crowe, Respiratory Therapist, was a physician, specializing in the respiratory system, and duly licensed to practice within the State of Kentucky.

10. At all times pertinent to this action, Defendant Lisa Taylor, Scrub Technician, specializing in preoperative sterilization of a patient's place of surgery, among other things, and duly trained to practice within the State of Kentucky.

## II. C L A I M F O R R E L I E F

11. At all times pertinent to this action, Defendants John/Jane Doe, owners/chief executive officers of Flaget Memorial Hospital, (KOH), owned and operated Flaget Memorial Hospital (KOH)

12. At all times pertinent to this action, Defendant Amy Farrell, M.D., was employed at Flaget Memorial Hospital, (KOH), as a physician, with a specialty in obstetrics, and as a surgeon.

13. At all times pertinent to this action, Defendant Kristy Baumgardner, Assisatnt, was employed at Flaget Memorial Hospital (KOH), as a physician's assistant, with a specialty in obstetrics, and as a surgeon.

14. At all times pertinent to this action, Defendant Laurie Talbott, Nursery Nurse, was employed at Flaget Memorial Hospital (KOH), as a Nursery Nurse, with a specialty in nursery.

15. At all times pertinent to this action, Defendant Jackie Spalding, Circulating RN, was employed at Flaget Memorial Hospital (KOH), as a Circulating RN, with training in all pertinent areas of the delivery room.

16. At all times pertinent to this action, Defendant Emily Thomas, Scrub Technician, was employed at Flaget Memorial Hospital (KOH), with training in preoperative sterilization of equipments, patient and surgery room.

17. At all times pertinent to this action, Defendant Todd Dorsett, Anesthesia Provider, was employed at Flaget Memorial Hospital (KOH), as an Anesthesia Provider, with a specialty in anesthesiology.

18. At all times pertinent to this action, Defendant Charlotte Crowe, Respiratory Therapist, was employed at Flaget Memorial Hospital (KOH), with a specialty in the respiratory system of aptient's giving birth and of the fetus.

19. At all times pertinent to this action, Defendant Emily Taylor, Scrub Technician, was employed at Flaget Memorial Hospital (KOH), with training in preoperative sterilization of equipments, patients and surgery room.

20. On December 5, 2016, Plaintiff, a 21 year old G1, PO, was admitted into the Women's Care of Bardstown, at 39 weeks and 2 days of intrauterine

pregnancy. Plaintiff's primary physician at Flaget Memorial Hospital was Defendant Farrell, M.D. At that time, Defendant Farrell, along with Defendant Baumgardner conducted various preliminary tests and after consulting with Plaintiff, then advised that the fetus did not "have a lot of fluid around it," and Plaintiff was later admitted into Flaget Memorial Hospital for induction of labor secondary to obliohydramnios for labor induction, which started with Cyotec 25mcg placed vaginally x3 doses. After some observations, Defendants Farrell and Baumgardner then proceeded to administer Pitocin. At 4-5 cm dilation, Plaintiff began to have variable decelarations of contractions. Pitocin was ceased at some point and IUPC was placed. The variable decelarations continued despite no Pitocin and Plaintiff remained 5 cm dilated. Defendant Farrell after discussing these matters with assistant Defendant Baumgardner made a decision to proceed with cesarean section (c-section), after advising Plaintiff of "fetal intolerance to delivery."

21. On December 6, 2016, Plaintiff was taken to the operating room with IV running. Plaintiff was placed in the supine position with a leftward tilt. During these times, Plaintiff's mother was permitetd to accompany Plaintiff in the surgery and remained there throughout the delivery process. A Pfannenstiel skin incision was made 2cm above the symphysis pubis and carried down to the underlying layer of fascia with a Bovie. The fascia was incised with the Bovie. Incision was extended laterally with Mayo scissors. The superior aspect of the fasial incision was grasped with Kocher clamps, elevated,a nd the rectus muscles were dissected off with the Bovie. The rectus muscles were separated in the midline. The peritoneum was entered digitally and the incision was extended superiorly and inferiorly with good visualization of the bladder. A transverse incision was made in the lower uterine segment with a scapel and the incision was extended laterally, and digitally. The fetal head was flexed and brought to the

level of the hysterotomy. Fundal pressure was applied allowing delivery of the fetal head. Nuchal cord x1 was noted and reduced. The right shoulder delivered anteriorly, followed by the left shoulder posteriorly, and then the body. The infant was dried and after approximately 30 seconds, the cord was clamped and cut. The uterine incision was repaired with 0 Vicryl in a running locked fashion. The second layer of the same suture was placed in an imbricating manner to restore normal anamoty and obtain hemostasis. The uterine incision was examined once more and hemostasis confirmed and the retractor was removed. The rectus muscles and fascia were examined and noted to be hemostatic. The fascia was reapproximated with 0 Vicryl in a running fashion. Subcutaneous tissue was then irrigated and noted to be hemostatic. The area was closed with 2-0 Vicryl in a running fashion. The skin was closed with 5-0 Monocryl subcutaneously and secured with Steri-Strips.

22. On December 5, 2016, Plaintiff was admitted via "Admission H&P-IOL" at 7:oo p.m. At that time, information was gathered from Plaintiff verifing Plaintiff was HIV negative, and any active problems associated with the pregnancy was considered and Plaintiff's status was confirmed to not have changed from a previous patient encouter during Plaintiff's last routine visit at the Women's Care of Bardstown. Defendant Farrell, M.D. conducted the examinations and made a determination that "no changes" had resulted. Defendant Farrell signed this document on December 6, 2016, at 9:00 a.m.

23. Plaintiff's postpartum course was complicated by endometritis and bacteremia, which resulted in a prolonged stay at the Flaget Memorial Hospital. Shortly following the c-section, Plaintiff became febrile in the PACU with a temperature of 102 degress axillary immediately postop. Plaintiff was afebrile for about 36 hours after the initial fever and spiked a seond fever in the morning of December 8, 2016 at 6:42 a.m., Plaintiff continued to have fever

spikes throughout that day. On December 8, 2016, at noon and later that night Plaintiff's temperature rose to 103 degrees Farenheit at approximately 2000 hours. On the morning of December 9, 2016, Plaintiff had a fever of 102.8 degress and a fever workup was initiated which included chest x-ray, urinalysis, lower extremity Dopplers and blood cultures x2 and then getamicin and clindamycin IV were started. Plaintiff's two-view chest x-ray showed possible early right lower lobe pneumonia. Because of the suspicion of pneumonia at that time, Levaquin was added to cover for atypicals.

24. On December 9, 2016, Plaintiff's blood cultures came back positive for gram-positive cocci. At that time, Plaintiff complained of chills with the fever and complained of some right-sided chest and upper abdomen pain that became worse with a deep breath. Later that morning Plaintiff began coughing up sputum and blood. The first sputum cultures were sent and was inadequate with a low number of white blood cell count. A repeat chest x-ray was done but no infiltrate and no sign of acute cardiopulmonary was detected.

25. Later on December 9, 2016, James Nuss, M.D. conducted a workup of Plaintiff's fever-etiology and determined that it was likely endometritis with bacteria. Dr. Nuss based this on the presence of postpartum fever that could not be attributed to another etiology after thorough history and physical examinations of Plaintiff revealed no visible signs for the fever. Dr. Nuss, then recommended to repeat blood cultures after next fever spike.

26. Defendant remained at the Flaget Memorial Hospital (KOH) up to and portion of December 11, 2016, approximately three to four days past what a normal pregnancy requires. Following Plaintiff's release from Flaget Memorial Hospital (KOH), Plaintiff continued to take Vancomycin and other medications as a result of the endometritis contracted at Flaget Memorial Hospital (KOH).

27. While Plaintiff was hospitalized at the Flaget Memorial Hospital (KOH), she, as a result of the staff's professional negligence, lack of expertise, fault, and malpractice caused the injuries and damages suffered by Plaintiff in that the tools and equipment used to perform the surgery on Plaintiff, or the operating room was not properly sterilized thus leading to Plaintiff contracting endometritis with bacteria.

28. The damages suffered by Plaintiff have a reasonable value of $ 2,500.000.00 based on the number of defendants and all costs.

29. Plaintiff reserve the right to rely on the doctrine of res ipsa loquitur.

## III. J U R Y D E M A N D

30. Plaintiff demands a trial by jury.

## P R A Y E R

Plaintiff demand judgment against the defendants in the amount of

A. In the amount of $ 250,000.00 each defendant;

B. An award of costs incurred of $15,000.00

C. An award of reasonable attorney fees of $ 7,500.00

D. Any other further relief that this Court may consider just and proper under the circumstances.

8/06/18
Dated:

By: Logan Hazelwood

Logan R. Hazelwood
158 Bluegrass Lane
Lebanon, Kentucky 40033

859-481-5563 (Telephone)

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
POSTAGE REQUIRED

UNITED STATES POSTAL SERVICE.

Retail

P

US POSTAGE PAID
$6.70

Origin: 40033
Destination: 40202
0 Lb 3.00 Oz
Aug 08, 18
2044920433-03

1005

PRIORITY MAIL 1-Day ®

Expected Delivery Day: 08/09/2018

C075

USPS TRACKING NUMBER

9505 5103 7512 8220 1264 04

FROM: Logan R Hazelwood
158 Bluegrass Lane
Lebanon, Ky 40033

TO: Office Of The Clerk
Gene Snyder U.S. Courthouse
601 West Broadway Suite 106
Louisville, Ky 40202-2238

FILED
VANESSA L. ARMSTRONG, CLERK
AUG 09 2018
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

PS00001000014

EP14F July 2013
OD: 12.5 x 9.5

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES POSTAL SERVICE®

RIORITY®
★ MAIL ★

INSURED*

LAT RATE ENVELOPE
E RATE ★ ANY WEIGHT*

PS00001000014

EP14F July 2013
OD: 12.5 x 9.5

UNITED STATES
POSTAL SERVICE