# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

| | |
|---|---|
| LOGAN R. HAZELWOOD | PLAINTIFF |
| v. | CIVIL ACTION NO. 3:18-CV-541-RGJ |
| JOHN/JANE DOE *et al.* | DEFENDANTS |

## MEMORANDUM OPINION

Plaintiff Logan R. Hazelwood initiated this *pro se* civil action.  Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons that follow, the Court will dismiss this action.

## I.  SUMMARY OF COMPLAINT

Plaintiff's address indicates that she is a resident of Kentucky.  She brings this action against Defendants John/Jane Doe, the "owners/chief executive officers of the Flaget Memorial Hospital, Kentucky One Health," which Plaintiff states is a corporation "organized and operating under the laws of Kentucky, with its principal place of business in Bardstown, Kentucky." Plaintiff also names the following individuals as Defendants: Amy Farrell, a physician; Kristy Baumgardner, a physician's assistant; Laurie Talbot, a "nursery nurse"; Jackie Spalding, a "circulating RN"; Emily Thomas, a scrub technician; Todd Dorset, an "anesthesia provider"; Charlotte Crowe, a respiratory therapist; and Emily Taylor, a "scrub technician."  Plaintiff indicates that "at all times pertinent to this action" these Defendants were employed by Flaget Memorial Hospital and "duly licensed to practice in the State of Kentucky."

Plaintiff alleges that on December 5, 2016, she was admitted into Flaget Memorial Hospital in Bardstown, Kentucky.  She states that on December 6, 2016, she was taken into the operating room where a "c-section" was performed to deliver her child.  Plaintiff then states that her "postpartum course was complicated by endometritis and bacteremia, which resulted in a

prolonged stay at Flaget Memorial Hosptial." Plaintiff ultimately alleges that while she was

"hospitalized at Flaget Memorial Hospital, she, as a result of the staff's medical negligence, lack

of expertise, fault, and malpractice caused the injuries and damages suffered by Plaintiff in that

the tools and equipment used to perform surgery on Plaintiff, or the operating room was not

properly sterilized thus leading to Plaintiff contracting endometritis with bacteria."

Plaintiff seeks $ 2,500,000 in damages and an award of costs and attorneys' fees.

## II. LEGAL STANDARD

On review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997),

*overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal

pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less

stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Federal courts are courts of limited jurisdiction which may exercise only those powers authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (same). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. There are two ways a federal district court may have jurisdiction over a case. The first is through federal question jurisdiction under 28 U.S.C. § 1331, and the second is through diversity jurisdiction under 28 U.S.C. § 1332. In the complaint, Plaintiff states that this Court has

jurisdiction over this action pursuant to "28 U.S.C. §§ 1331(a)(1), in that there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum of $ 75,000 . . . ."[1]  Despite Plaintiff's claim, the Court can discern no basis upon which to find that it has subject-matter jurisdiction over the this action.  First, Plaintiff's allegations fail to establish that the Court may exercise diversity jurisdiction over the action.  "Diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from each plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  Here, Plaintiff indicates that she is a resident of Kentucky and that the hospital where the events alleged in the complaint occurred, and where the individually-named Defendants are employed as medical providers, is located in Kentucky.  In addition, Plaintiff indicates that each medical Defendant is licensed to practice in the state of Kentucky.  Thus, because Plaintiff does not identify any Defendant who is a citizen of another state, the Court presumes that all Defendants are citizens of Kentucky and concludes that Plaintiff's complaint fail to establish diversity jurisdiction under 28 U.S.C. § 1332.  In addition, because Plaintiff asserts only state-law claims against Defendants, the complaint fails to establish federal question jurisdiction under 28 U.S.C. § 1331.

## IV. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing this action for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Date:

cc:     Plaintiff, *pro se*
        Defendants
A961.011

---

[1] Because "28 U.S.C. § 1331(a)(1)" does not exist, the Court presumes Plaintiff meant to cite to 28 U.S.C. § 1332(a)(1), which requires parties to be "Citizens of different States" to establish diversity jurisdiction.